TIMOTHY BUCKLEY AND MARY BUCKLEY, PLAINTIFFS, v. HYMAN GOLDBERG, DEFENDANT.

Submitted May term, 1931—Decided October 7, 1931.

Before Justices CAMPBELL, LLOYD and BODINE.

For the rule, *John F. Ryan.*

*Contra, H. Warner Doremus.*

PER CURIAM.

As Mrs. Buckley, a pedestrian, was crossing state highway No. 4 where it intersects Matawan Road in Middlesex county, she was struck and severely injured by the defendant's automobile. The present action for the damages resulted in a verdict of $7,000 in her favor, and $1,000 in favor of her husband, Timothy Buckley.

The defendant has a rule for a new trial and urges that

the verdicts are against the weight of the evidence as to contributory negligence on the part of Mrs. Buckley, and that they are excessive in amount.

The first reason is wholly without merit. When Mrs. Buckley started across at the intersection, traffic on the state highway had stopped to permit plaintiff and other pedestrians, who were on their way to church, to cross. The plaintiff, in response, was in the act of crossing, when the defendant, disregarding the action of other drivers, came down on the left side of the highway and struck her. It is difficult to see any evidence of negligence on her part, much less that negligence was so apparent that the jury should have found against her.

The award to Mrs. Buckley seems large to us, but we are not prepared to say that it is so clearly excessive that we would be justified in reducing it. She is a woman sixty years of age, she was severely bruised in many places about the body and had a broken collar bone and a sprain of the wrist. There is an impairment of the use of the arm. She suffered severe shock, was kept in the hospital for four weeks and confined to her home three months. Severe pain resulted and this continued up to the time of the trial.

The award to her husband, including, as it did, actual outlay of nearly $600, cannot be said to be excessive.

The rule is discharged.